UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DALLAS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MARTELL, Warden,<br><br>Respondent. | NO. EDCV 09-2270-ODW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

  On habeas before the California Supreme Court, Petitioner argued his trial counsel was ineffective for failing to impeach witness Crystal Strange. (Lodged Document 14 at 4.) In Ground Four here, Petitioner made the same argument. (Petition at 6.) In his objections, Petitioner argues for the first time that "after review of the case there was truly ineffective assistance of counsel on many

levels but not limited to the arguments made by the Petitioner regarding the impeachment of Crystal Strange. * * * Petitioner has outlined in a lengthy statement of facts the areas in which Petitioner's trial counsel failed to object, in particular to hearsay, irrelevant and unfairly prejudicial evidence." (Objections at 46-47.) Such subclaims are unexhausted. *See Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (a petitioner cannot "add unrelated alleged instances of counsel's ineffectiveness to his claim"). Federal habeas relief is not available for unexhausted grounds. 28 U.S.C. § 2254(b)(1) (an unexhausted ground may not form the basis for habeas relief).[1]

Petitioner's remaining objections have no merit.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: July 23, 2012

OTIS D. WRIGHT II
United States District Judge

---

[1] Anticipating that the Court will "not consider" the unexhausted subclaims, Petitioner nonetheless argues they are "offered to demonstrate the ineffectiveness of trial counsel when laid alongside of the errors alleged, suggesting that the scales should tip in favor of Petitioner that he received ineffective assistance of counsel." (Objections at 47.) However, such an argument is an attempt to color the Court's view generally of defense counsel's competence. The *only* exhausted claim before the Court is whether counsel was ineffective in not impeaching Strange.